All rise. Court is now in session. Please be seated. The clerk will call the case. The next case, please. 317-0040, Joseph Mandrella, appellant by Jerome Shapiro v. John Coghlan, as special representative for John Myers, deceased. Apperly by Scott McKenna. Mr. Shapiro. Thank you. May it please the Court, Mr. McKenna. Your Honor, this case arises out of a motor vehicle accident which occurred in Manteno, Illinois in Kankakee County on December 3, 2012. At the time of the accident, which involved Mr. Myers and Mr. Mandrella, Mr. Myers was a resident of the village of Manteno in Kankakee County. A complaint was filed against Mr. Myers on November 25, 2014, and a summons was issued against Mr. Myers that day. Attempts to serve Mr. Myers at his last known address, which had been, as I stated, in Manteno, were unsuccessful, and I believe your attorneys said he no longer resided at the Manteno address. We made attempts to locate Mr. Myers, and eventually learned that Mr. Myers had relocated and resided in the city of Watsonville, California, left Manteno. We attempted to serve an alias summons on Mr. Myers at the address which we obtained for him in Watsonville. That was unsuccessful, and we learned at that point that Mr. Myers had passed away in January of 2013. We searched the records of the probate court in Kankakee County where Mr. Myers had resided prior to moving to Watsonville, California, and found that no probated estate had ever been opened for Mr. Myers. It turned out that Mr. Myers had relocated to California within about a month of the accident. After the discovery of Mr. Myers' death, a verified motion was filed with the circuit court, setting forth that no estate that we could find for Mr. Myers had been opened in Kankakee County, and we requested that a special representative be appointed for Mr. Myers in this action. We filed that motion pursuant to 735 ILCS 535-13-209B2. The court, Judge Bunselman presiding at the time, granted that motion and appointed John Coghlan, who is an attorney in Kankakee, as the special representative for Mr. Myers. Mr. Coghlan subsequently appeared by Attorney David Santori and filed a motion to dismiss alleging that the trial court lacked subject matter jurisdiction to allow the action to proceed against Mr. Coghlan as the special representative for Mr. Myers. We briefed the issue for the trial court, and the trial court eventually granted the defendant's motion to dismiss. Now, several issues arise in this case, and they all involve 735 ILCS 535-13-209. As I mentioned before, when we learned that Mr. Myers had died, and apparently died in January of 2013 shortly after the accident, we filed the verified motion to have Mr. Coghlan appointed as special representative. We did that under Section 209B of 13-209, and that section states that if a person against human action may be brought, dies before expiration of the time limited for commencement of it, and the cause of action has survived and is not otherwise borrowed, and no petition, and this is very crucial, no petition has been filed for letters of office for the decedent's estate, that the court upon the motion of the party entitled to bring the action after notice to the heirs of legatees, the court may appoint a special representative for the purpose of defending the action. In such a situation, the statute, this section of the Code of Civil Procedure, expressly limits, expressly limits recovery to the proceeds of any liability insurance protecting the estate. In other words, if there is an estate, which as far as we know there wasn't, we could not have recovered against any proceeds of that estate, only against the proceeds of insurance, which I believe there were here. This is the procedure which we followed, 5209B-2, and under which the trial court appointed Mr. Coghlan. It should be noted that 735 LCS 5-209C is also relevant. It provides that if a party commences an action against a deceased person whose death is unknown to the planet and the action is commenced prior to the expiration of the statute of limitations, an action may be commenced against the decedent's personal representative, provided the sections of 209C are met. Now in this case, we submit that we correctly followed section 209B in asking Judge Wenzelman to appoint a special representative and appointed Mr. Coghlan. We believe this is the case because that section, as I mentioned, very clearly and very unequivocally states that the special representative may be appointed if the cause of action is filed before expiration of the time limited for the commencement of it, which was done in this case, and the cause of action survives, which it did. And the key in B-2 is that no petition has been filed for letters of office to the decedent's estate. 209C mentions filing an action against the decedent's personal representative. Now, we know that a personal representative can be one who is appointed by the probing court where there is an estate. As I said, we asked for the appointment of a special representative under B-2. The first issue is whether the trial court should have allowed this lawsuit to proceed, since the original defendant, Mr. Myers, had died prior to the filing of the complaint. The defendant argues that the suit was void ad nitio because Mr. Myers was deceased prior to the day it was filed. We disagree. We cited the court to the case of Keller v. Walker, which is at 319 Allant 3rd, 67. It was a case that this court decided. In that particular case, this court noted that the legislature added Section 209C to specifically address situations where plaintiffs are unaware the deceased person was named as a defendant. In Keller, the court held that the trial court had subject matter jurisdiction over the Keller's claim. The court ruled that since the trial court had jurisdiction, despite an amended complaint or a complaint not being filed until after the two-year statute, that the trial court had jurisdiction under 13209C, and the court should have proceeded to substitute the personal representative as the defendant as required by 209C1. Now, as to this case, under the Keller ruling, which we believe is almost identical to this case, there was no mistake open for the defendant in that case. Notwithstanding the fact, in this case, before the court, that Mr. Myers was deceased prior to the day the lawsuit was filed and that the plaintiff's action herein might be considered a novelty and void of ab initio, the court in Keller noted that the Keller lawsuit was void of ab initio, but ruled, this court ruled, that despite that, under 13209C, the trial court had acquired jurisdiction and complete jurisdiction. And I'm talking about subject matter jurisdiction. The court in that case, the defendant next argues that the requirements of section 209C were not met by the trial court in this case, as the title of the person appointed to serve as the representative of the estate in this clause was Mr. Coghlan as the special representative of Mr. Myers and not his personal representative. Now, it is correct that Judge Rosenblum, in pursuit of plaintiff's motion, appointed Mr. Coghlan as the special representative and not as the personal representative. We contend that by appointing Mr. Coghlan as the special representative, he complied with 209C, and in Keller, this court addressed a similar issue, the procedural method to be employed in appointing a representative to represent the decedent defendant's interests in litigation filed after his death. While 735-ICLS-5-13-209B2 speaks of a special representative being appointed, 735-ICLS-5-13-209C requires a personal representative to be appointed for litigation to proceed. In Keller, in the Keller case, this court clearly stated that section 209C allows a lawsuit to proceed against a decedent's personal representative provided the requirements of 209C are met. The court also pointed out that section 209C does not state, and it does not state, how a personal representative should be appointed. But the court noted that 209B, specifically B2, does provide for the appointment of a special representative. And this court said, when a person against whom an action may be brought dies before expiration of the time limited for commencement of the action, section 13209B2 provides that the court, upon the motion of the person entitled to bring the action, may appoint a special representative for the deceased party for the purposes of defending the action if no petition, and again I stress, if no petition for letters of office is filed for the decedent's estate. In other words, the requirement of the appointment of a personal representative under 209C is met by the appointment of a special representative as provided for in 209B. As the plaintiff contends, this very court has determined that sections 209B2 and 209C are not mutually exclusive, and I think the court made that statement in the Keller case. What do we do about the Supreme Court's decision in Rouse? I'm glad you asked. Thank you, Mr. Schmidt. I think that's a very different case. The Rouse case involved a case where the decedent, an estate that had been opened for the decedent, there was a personal representative. Despite the fact that there was a personal representative, the plaintiff in that case proceeded to have a separate special representative appointed for the purpose of the lawsuit he had filed, and it's a very different case because of the fact that a personal representative had been appointed in the estate. The purpose of a personal representative is to administer an estate, to marshal the assets, to look at the claims, to determine the claims, to pay the claims, to distribute the assets. There's an estate, and recovery might be had against that estate. That's what occurred in the Rouse case. In this case, there was no petition for letters of office. The original estate in B2 specifically covers, I think, this particular type of case. It's an unusual case, but I think that the Rouse case is in a closet for that reason. If there had been no personal representative appointed, no executor or administrator in the Rouse case, then I think the plaintiff there might have been allowed to proceed into B2, but there was a personal representative, and I think the Supreme Court said that where there's a personal representative, you can't separately appoint a special representative. That's not the case here, so I think it's not applicable in this case. We believe this case, as I said, presents similar circumstances to the Keller case, which I mentioned before. Upon learning of Mr. Meyer's death, we learned he had a special representative appointed, and Judge Venselman, the trial court judge at the time, did so. Under Keller, Judge Venselman, in fact, appointed a personal representative, we believe, as provided for in Section 209C, by appointing Mr. Coghlan as the special representative pursuant to the procedure prescribed in 209B2. Accordingly, as per the Keller holding, we believe the trial court properly appointed Mr. Coghlan as the special representative and therefore the personal representative in this action, and we think the court was not required to subject matters jurisdiction because of this issue. The second argument that I believe the defendant's making is that the action filed against Mr. Coghlan was not filed within the two-year statute of limitations applicable to personal injury actions. The essence of the argument, I believe, is that since Section 209B2 does not provide for an extension of the statute of limitations in filings against the deceased special representative, and since no personal representative was appointed within the two-year statute of limitations period, the action against Mr. Coghlan as special representative was time-barred. The original complaint in this case was filed before the expiration of the statute of limitations. The amended complaint was not. We selected the defendant's argument in this regard. But didn't even Keller say that a suit filed against a dead person is an anomaly? It did, but it also stated that the trial court in that case retained jurisdiction. The factual situation, it's quite a jumbled factual situation. I get it, but jurisdiction issues and limitations issues are two separate things. I understand that, Your Honor, but we're relying on Keller. And the fact that this court in that case, although it ruled that the complaint was void ad admissio, nevertheless ruled that the trial court had acquired subject matter jurisdiction, I believe that that's what that case said. Well, okay, but because the court has subject matter jurisdiction, he has to have, that means he has jurisdiction if limitations periods aren't met, for example, to either grant or deny a motion to dismiss for violation of a statute of limitation. Yes. Well, again, I'm going back to the Keller case. And the factual situation in that case, as I read it, and I could be wrong, I don't think so, is the same as in this case. The complaint in that case was filed prior to the time the statute of limitations had run. The amended complaint, the plaintiff subsequently learned of the death of the defendant, and after the statute of limitations had run, moved to have a special representative or I think they called it a special administrator appointed. I think this court ruled, and I agree with you, Your Honor, the court in that case said that the complaint was void ad admissio, excuse my pronunciation of that, but nevertheless, since the trial court had acquired jurisdiction prior to expiration of the two-year statute of limitation, that had solved the problem of jurisdiction. The naming of the special representative in the filing of the amended complaint allowed the action to proceed forward. I believe that's what this court held. Two minutes, please. Thank you. Mr. Cobb's involvement as special representative did not result from a complaint filed after the two-year statute of limitations had filed. Rather, he was substituted as a defendant in the amended complaint in an existing action, and hopefully, Your Honor, this answers your question, which had been filed before he was appointed as a special representative. And the original complaint in the existing action, as I stated, was filed prior to the two-year expiration of the two-year statute of limitation. We believe the trial court's ruling in this case runs contrary to the argument, for we think the trial court is not deprived of jurisdiction because the defendant dies before the filing of the complaint. Rather, we believe that the court has subject matter jurisdiction over the cause of action, and that the trial court must allow the plaintiff to substitute the personal representative as their new defendant. In essence, the original complaint stands and is merely subject to amendment to substitute the proper defendant, in this case, Mr. Cobb, as a special representative, in place of the decedent. This is precisely what was done here, and the fact that it was done after December 3, 2014, which I believe is the two-year statute of limitations period, is irrelevant. Finally, assuming for the sake of argument that the filing against Mr. Cobb came too late, which we vociferously dispute, the appointment of Mr. Cobb as the special representative also made Mr. Cobb and Mr. Meyer's personal representative and extended the statute of limitations for two years beyond the time limited for commencement of the action. It's said the amended complaint filed against him on November 10, 2015, expired well before any extended statute of limitation. In sum, we respect the request of the trial court. We submit that the trial court should not have dismissed action, and in doing so, and we respectfully request this Honorable Court to reverse the ruling in the trial court. Thank you. Thank you, Mr. Shapiro. And Mr. McKenna. Thank you, Your Honors. May it please the Court and Mr. Shapiro. Counsel laid out the procedural history of the case, so I'm not going to belabor that point, but I did want to touch upon a few things that I think are uncontested in terms of the facts here and that are critical, I think, to both the trial court's determination that the case should be dismissed and disappealed. The first thing is that Soot was obviously filed when Mr. Meyers was deceased, and we know from the law that such a Soot is a nullity, and that is a black letter. The statute of limitations passed then without a lawsuit. No action had been done to locate an administrator or any letters of office for Mr. Meyers' estate at that point. The statute of limitations passes. There is no pending lawsuit. We know no estate or letters of office had been filed for Mr. Meyers at any point. Why do you say there was no pending lawsuit? There was a complaint file. There was a complaint file, but it's considered a nullity since it is against a deceased person. So unless it is against a proper legal entity, such as an administrator, a personal representative, if probate has appointed it, or if counsel or plaintiff had pursued a special representative, which is the policy or the protocol that would be required in this case, then that would be a proper legal entity. But at this point in time when the statute of limitations passes, in this case, there is no such thing. There is no special representative that has been appointed. Under the statute, under 13-209, plaintiff has two options. He can check for probate and see if there has been an administrator appointed, and then name that person as the personal representative in this personal injury case. If that hasn't happened, then he needs to file a motion for leave to name a special representative and then pursue against that person. What we know from the statutes, there's two clear distinctions in the statute. Under 209-B-2, that deals with the appointment of special representatives very specifically. It uses that term very specifically. Under 209-B-1 and 209-C, which I believe plaintiff in this case is basing their appeal, that subject matter jurisdiction applies, that deals with personal representative of a deceased very specifically. There is no interchangeability of those two terms. And the significance of the Ralph case from the Supreme Court is that it discusses the distinction between special representative and personal representative very specifically and talks about that there is a certain protocol that needs to be filed. And if there is no probate, if there are no letters of office or administrator that's been appointed by a probate, then plaintiff, you need to ask to sue a special representative. In that case, that's what plaintiffs needed to do here. However, Section B-2 that deals with that specific, that situation that we have, does not provide for an extension of the statute of limitations. Sections B-1 and Section C, which deal with personal representative, do. So I think that tells us everything we need to know. A clear plain reading of the statute itself tells us that if you're in a situation where you need to file against a special representative of a deceased person, you need to file within the statute of limitations. There is no other way, I think, to read these statutes other than that. There's no ambiguity about it. I don't think there's any lack of clarity about it. The statute of limitations for the plaintiff in this case was simply not extended. The court, I believe, lost subject matter jurisdiction when there was no pending lawsuit against any legal entity by the time the statute of limitations passes. And it was on those bases that the trial court made its decision. And I believe it was a correct decision just looking at the plain language of these statutes. I don't think there needs to be a lot of extrapolation or interpretation. It's simply what it says. There is a, you know, the Relf case is significant for, and counsel pointed out, a factual dissimilarity. That's certainly true. In that case, there was a personal representative. What that Supreme Court case did, though, is highlight the fact that there is a clear distinction in the law with a case that has a personal representative appointed by the probate court. And then what the plaintiff needs to do in an injury case when that occurs. Therefore, if you don't have that and you simply need to follow the requirements of 209B2 for a special representative, you need to follow that specific statute. It's very clear. So in that sense, I think the trial court was certainly correct in saying that the subject matter jurisdiction was lost. And, you know, plaintiffs did not file suit within the statute of limitations. There are, you know, that argument. Obviously, you know, things can relate back. And in statute of limitations issues, there's a gray area. But here, there is no extension provided by the statute. So what we clearly have is an appointment of a special administrator and then a filing of an amended complaint after the statute of limitations, not allowed, therefore properly dismissed. The case that counsel is relying on heavily, the Keller case. And what we didn't see in that case, I think, was maybe an understanding. And I think the Relf case clarified the distinction. Because the one thing that the Keller case brought up, they said, hey, trial court for the personal injury case, you should have appointed that person as a personal administrator. And that wasn't, the trial court really can't do that. And the Relf case clarified that. The probate court would need to do that to appoint a, you know, a personal representative. Well, along those lines, can someone situated such as plaintiff here go into, where the proceeding had no estate open, a plaintiff go in themselves and petition the probate court to open the estate and appoint a personal representative? I'll admit I'm not a probate lawyer. I don't think that can take place when you don't have standing, you don't have any relationship to the estate itself. I mean, this is merely a defendant you're trying to sue. Other than a claim against the estate. There could be a claim, but I think that would have to, you know, you would have to, you know, probably jump through those legal hoops to get, at some point, through to a probate court that you have standing, you know, to create a personal representative of a deceased person's estate, you know, to which you have a tenuous connection. Either way, that wasn't done in this case. And the proper procedure for a deceased person without an estate, which is clearly laid out in 209B2, was not done as well. So I think in any scenario you paint, this case was properly dismissed at the trial court level. And that's all I have. If you have any questions, Your Honor, I'd be happy to answer them. Thank you. Thank you, Mr. McKenna. Mr. Sparrow. Let me just focus on the issue, I think, Justice Smith, you may have touched on it, and that is the statute of limitations argument. And we think the Keller case, unlike counsel, Mr. McKenna, for the appellee, we think the Keller case is very positive in this case. Ralph, as Your Honor noted, I think, is a very different case in the sense that there was an estate open, there was a personal representative already named. Keller was so applicable because of the factual circumstances in that the plaintiff in that case, as we had, here had filed a lawsuit, filed a statute of limitations expiration, subsequently learned that the defendant had passed away. The plaintiff, after the statute of limitations had run, had asked the court to appoint a special representative. Actually, the insurance company, I think, in that case, was asking them to call it a special administrator. They didn't do that. But in any event, one of the issues was in Keller whether the suit was annullity and void initio because Walker, the defendant, was deceased prior to the day it was filed. This court found that the trial court acquired subject matter jurisdiction pursuant to Section 13209C. The court noted that the legislature added 13209C to specifically address situations where plaintiffs are unaware that a deceased person was named as a defendant and as such this court ruled that the Keller trial court had subject matter jurisdiction over the Keller's claim. It was after that that this court discussed how a personal representative could be appointed and at that point this court upheld the plaintiff's attempt in that case and the court's ruling that the appointment of a special representative under 13209B2 met the requirements of 209C. And so I can't think of a case, and I said this in the trial court, I can't think of a factual situation much closer to our case than the Keller case in terms of procedure. And I think that case is very relevant and I think it's very positive and I think it certainly applies to that case, this case. The Ralph case did not overrule Keller. The Ralph case, as I stated, and as counsel I think concedes, under different circumstances there would have been a personal representative. This is a very different situation. Well, would you agree that one thing the Ralph case did do was point out that a special representative and a personal representative are legally not the same person? And that's correct. If I can address that. I mentioned during my argument that there is a distinction. There is a distinction. I agree with that. And the distinction is a personal representative is appointed, as I noted, to administer an estate, to marshal the assets, to pay the claims. A special representative, it seems, is appointed for the mere purpose of, for example, defending an action such as this one, this action. However, again, this Court noted that the appointment of a personal representative can occur by appointing a special representative, and I don't think the Ralph case overruled that. It discussed the distinction, and there is a distinction. And I would submit the distinction is, in a sense, it protects, protects, and I think B-2 specifically protects against an estate under a B-2 situation having its assets, well, there wouldn't be an estate because B-2 contemplates that there is no estate, and it limits recovery to the proceeds of insurance.  But the requirement for the appointment of a personal representative, as this Court stated, and to my knowledge, Ralph didn't overrule it, that that requirement is met by the appointment of a special representative under B-2. And then under C, I think that this Court allowed the Keller case to go forward, although it was void ad amnitio. The complaint had been filed, an amended complaint, as here was filed after expiration of the original statute of limitations. So, again, factually, I can't think of a much closer situation. This case is much closer to the Keller case than it is to the Ralph case for the reasons I've stated. Mr. Shapiro, I've been struggling. The legislature could have, in Section C, said either a special representative or a personal representative. The fact that they only did personal representative, and you can't always second-guess the legislature, but it suggests that they see some factual basis for a difference there. And I'm wondering if maybe the fact that there is a personal representative and an estate has been opened is almost tantamount to saying that the deceased person actually still exists in some form because of the filing of an estate, of a probate action, and that maybe that's the reason why they didn't put the special representative in there. I'm sorry, I didn't mean to interrupt. I can't answer why they did it. The courts have held, and this Court has held, and the Supreme Court has held, I think it mentioned in the Ralph case, that statutes have to be read in paramateria, which, again, my Latin is terrible, but I think that means they should be read together. And I think that's exactly, yes, they use separate language, you're correct, but I think that's exactly what this Court did in Keller. I think it read those two statutes together, and, you know, I think that it recognized there is a difference between a personal representative and a special representative, but the requirement of 209C for the appointment of a personal representative is met by the appointment of a special representative pursuant to B-2. I think C contemplates an action being filed against an estate which has been opened where there's a personal representative. I assume that. I think what B-2 clearly contemplates is that an action is filed that it's determined that the defendant died in the original estate opened, and so the legislature in B-2 provided in that type of case the court can name a special representative and that that meets the requirements of C for a personal representative to be appointed. I think this Court correctly read B-2 and C together in the Keller case. Well, hypothetically, let's say it's not a tort claim, but let's suppose I owe you $100,000, and I assume room temperature, and there's no estate open, but you said, hey, it's $100,000. Can you go in and petition the probate court to open a probate estate and appoint a personal representative so you can go after your $100,000? Yeah, I suppose you could. Clearly, you could not employ B-2 in that type of case. I would concede that because there's no policy of insurance. In a sense, I think B-2 is meant for situations like this. I guess I would concede, Your Honor, that if I owe you $100,000, and I hope I don't, and then I pass away, that you could open an estate under C and sue the estate and attempt to collect against any assets that you might find that estate to have if there are any. Maybe there's not. Maybe there are. But B-2, I think, clearly would not apply in that type of situation. Likely, it's not an insurance type of case. Maybe there would be insurance somehow involved. It doesn't sound like there would. But the thing is that C doesn't allow you to go in and open the estate. You can only deal under C with an estate that's already been opened. I think that's true. Well, the Keller case, there was no estate opened that this court held, and I don't mean to keep drumming the same tune, that the action survived under C for statute of limitations purposes and that the B-2, because there was no estate, as here B-2 is properly employed to appoint a special representative which satisfied the requirement of a personal representative. And I don't believe in Keller, and it's not apparent on his face, and I haven't looked at that case, whether there ever wasn't an estate opened for the defendant in that case or the decedent. I assume there was not. And so, again, I think you have to read the two together. I would agree. I think C probably does contemplate what you were saying. But B-2 contemplates the situation such as Keller and such as this where there is no estate and there is no personal representative at the time the B-2 motion is filed. So. Thank you. Thank you. Thank you, Mr. Sterling. And thank you both for your argument today. We're going to take this matter under advisement and get back to you. It's a written decision within a court date. We're going to now take a short recess. Thank you.